847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles L. FEISS, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 No. 88-3078.
 United States Court of Appeals, Federal Circuit.
 April 12, 1988.
 
 Before RICH, NIES and MAYER, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Charles L. Feiss seeks review of the final decision of the Merit Systems Protection Board, Docket No. CH315H8710442, dismissing his appeal of the Veterans Administration's removal decision for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 Two days before Feiss was to be removed in December 1986, Feiss and the agency entered a settlement agreement. That agreement reappointed Feiss to his position but required him "to complete a probationary period of one year commencing on December 7, 1986." The agency terminated Feiss's employment in May 1987. Feiss appeals from the second removal decision.
 
 
 3
 The only issue is whether a valid settlement agreement exists. If it does, the agency then removed Feiss during a probationary period from which action Feiss has no appeal rights, except on grounds not asserted here. See, e.g., Stokes v. Federal Aviation Admin., 761 F.2d 682, 684-85 (Fed.Cir.1985). As the party attacking a settlement agreement, Feiss bears a heavy burden of proving that the agreement is invalid either by fraud or mutual mistake. Callen v. Pennsylvania R.R. Co., 332 U.S. 625, 630 (1948); Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed.Cir.1982). Feiss has not met that burden. Thus, the board properly dismissed.
 
 
 4
 Feiss's arguments that "the agency and MSPB have steadfastly opposed [his] efforts to present evidence [on other issues]" and that the second termination notice improperly referred to Feiss's work during his first employment period are irrelevant.
 
 
 5
 We have considered each of Feiss's arguments. Under our statutorily prescribed scope of review, 5 U.S.C. Sec. 7703(c) (1982), the board's final decision is affirmed.